NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251222-U

NO. 4-25-1222

IN THE APPELLATE COURT

FILED
July 6, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| LDR CLEANING & RESTORATION, INC., | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| FELICIA D. JOHNSON, | ) | No. 24AR37 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Donald P. Shriver, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Vancil and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding defendant's contentions in the opening brief meritless where the default judgment at issue had been vacated and contentions raised for the first time in her reply brief are forfeited.

¶ 2    In January 2024, plaintiff, LDR Cleaning & Restoration, Inc., brought this action to recover damages from defendant, Felicia D. Johnson, for breach of contract. The trial court granted plaintiff's motion for summary judgment. On appeal, defendant makes numerous arguments we find either meritless or forfeited. Accordingly, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4    In January 2024, plaintiff filed a verified complaint alleging as follows: On February 22, 2022, defendant sustained water damage to her home. On May 23, 2022, she contracted with plaintiff to have the water damage repaired. The total cost of the restoration project amounted to $70,564.80. Defendant received $69,564.80 from her homeowner's

insurance provider to cover the costs of the restoration. Defendant only paid plaintiff $26,000 of the total amount owed. Plaintiff alleged (1) breach of contract for the unpaid balance of $55,621.68, (2) an alternative *quantum meruit* claim in the amount of $29,621.68 for services rendered, and (3) an unjust enrichment claim for costs related to storing defendant's personal property as part of the restoration project. Attached to the complaint was an agreement signed by the parties for the restoration work in the amount of $70,564.80. Section 1.2.3 of the agreement informed defendant she was ultimately responsible for payment for all work performed. Section 11.3 of the agreement provided 1.5% interest for late payment of any unpaid work performed and reasonable attorney fees and related costs for enforcing the agreement.

¶ 5　　　　　In March 2024, defendant, through counsel, filed an answer to plaintiff's complaint admitting the cost of the project was $70,564.80 and the veracity of section 1.2.3 of the agreement. The answer denied certain other allegations and the ultimate conclusions for the causes of action. Additionally, the answer raised an affirmative defense, alleging, *inter alia*, plaintiff had not completed the restoration work and her home was uninhabitable.

¶ 6　　　　　In July 2024, plaintiff, pursuant to Illinois Supreme Court Rule 216(c) (eff. July 1, 2014), filed a motion to admit various facts following defendant's failure to respond to plaintiff's requests for admission. Counsel for defendant did not respond to the motion, nor did he appear for a hearing on the motion. On July 29, 2024, the trial court entered a written order granting plaintiff's motion to deem facts admitted. Among the facts deemed admitted were that defendant had received $69,564.80 from her insurance provider but had only paid plaintiff $26,000, while keeping the rest of the money for herself.

¶ 7　　　　　In August 2024, following a hearing where counsel for defendant again failed to appear, the trial court granted plaintiff's motion for a default judgment. In October 2024,

defendant appeared without counsel and indicated she was unaware of the previous missed court appearances. The court vacated the default judgment. Counsel for defendant subsequently moved to withdraw, which the court granted. In March 2025, new counsel for defendant entered an appearance.

¶ 8        In April 2025, plaintiff filed a motion for summary judgment. Attached to the motion was plaintiff's verified complaint, the agreement, the granted requests for admission, and affidavits from Heather Roach, the president for plaintiff, and Nathan Friedman, an attorney for the law firm representing plaintiff. Roach's affidavit averred plaintiff incurred $29,148.16 in damages plus $7,345.34 in interest, for a total of $36,493.50. The affidavit also alleged an additional $1,538 for storage fees paid by plaintiff to store defendant's personal property. Friedman's affidavit averred legal fees rendered on behalf of plaintiff in the amount $18,286.

¶ 9        Following a hearing in July 2025, the trial court entered a written order granting plaintiff's motion. The order reflected a judgment of $48,972.16, which included the principle damages of $29,148.16, legal fees of $18,286, and the storage fees of $1,538. Additionally, the court ordered interest in the amount of $7,345.34, for a total of $56,317.50. Defendant subsequently filed a motion to reconsider, which the court denied.

¶ 10        This appeal followed.

¶ 11        II. ANALYSIS

¶ 12        Defendant appeals *pro se*, claiming the trial court abused its discretion in entering a default judgment against her when plaintiff failed to prove damages. Before we analyze defendant's claims, we begin by noting numerous issues with defendant's brief.

¶ 13        A. Defendant's Opening Brief

¶ 14        Defendant's jurisdictional statement references the trial court's order from

October 10, 2025, but she provides no citation to the record, and it does not appear to be included. From our review of the record, we see the court denied defendant's motion to reconsider on October 15, 2025. Defendant's issue statement challenges the court's entry of a default judgment and cites the default judgment statute. See 735 ILCS 5/2-1301 (West 2024). However, defendant—within the same issue statement—correctly notes the default judgment was vacated in October 2024.

¶ 15    Defendant then proceeds to cite numerous cases for the proposition that "a default [judgment] admits well-pleaded factual allegations of liability, it does not admit damages, and a plaintiff must still prove damages with competent evidence." Problematically, however, the cases she cites either do not exist or do not stand for the propositions she respectively asserts. Even more problematic, there is no default judgment in this case to challenge, as it was vacated.

¶ 16    Defendant attempts to recite the procedural history of the case and states the trial court reinstated its default judgment on July 7, 2025, and granted final judgment on October 10, 2025. Defendant is incorrect. According to the record before us, the court granted plaintiff's motion for summary judgment in July 2025 and denied defendant's motion to reconsider in October 2025.

¶ 17    In the argument section, defendant largely repeats her assertions under separate headings, contending the trial court (1) erred when granting default judgment without requiring competent evidence, (2) violated her due process rights by granting a default judgment without evidentiary support, and (3) abused its discretion by failing to conduct a hearing or require proof before entering a default judgment. She asks this court to reverse the default judgment. She requests we vacate (1) "the final judgment entered on October 10, 2025," (2) the motion to deem facts admitted, and (3) the "Motion to Compel entered on 7/29/2024." Finally, she requests we

- 4 -

remand the matter for "further proceedings consistent with due process and the evidentiary requirements governing default judgments."

¶ 18                                    B. Plaintiff's Response

¶ 19        Plaintiff begins by contending defendant violated numerous provisions of Illinois Supreme Court Rule 341(h). See Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). Plaintiff argues defendant's brief should be stricken for failing to comply with Rule 341(h).

¶ 20        Plaintiff next argues the trial court properly granted its motion for summary judgment, noting the motion was supported by exhibits, including the operative contract, defendant's admissions pursuant to Rule 216(c), an affidavit from its president supporting damages, and an affidavit supporting attorney fees. Furthermore, plaintiff contends defendant's response to the motion for summary judgment contained no "counter-affidavits or other competent counter-evidence to raise a genuine issue of material fact."

¶ 21        Finally, plaintiff argues the trial court properly denied defendant's motion to reconsider.

¶ 22                                    C. Defendant's Reply Brief

¶ 23        Defendant's reply brief is markedly different in both form and substance from her opening brief. The issues for review have changed. She recognizes the judgment being challenged is the trial court's summary judgment in plaintiff's favor. She argues the court erred because there remained genuine issues of material fact. She also argues plaintiff failed to provide sufficient evidentiary support for summary judgment. Lastly, she contends the judgment should be vacated pursuant to section "2-1301(e) [(735 ILCS 5/2-1301(e) (West 2024))] due to attorney abandonment and the denial of a fair opportunity to be heard."

¶ 24        Defendant's reply brief contains a statement of facts with citations to the record. It

also contains citations to purported evidence not contained in the record. Her argument section contains numerous new case citations, many of which cite general propositions of law, while others are listed without explanation.

¶ 25                         D. Merits of Defendant's Opening Brief

¶ 26        Prior to addressing defendant's arguments on appeal, we first address plaintiff's contention defendant's opening brief should be stricken for failing to comply with Rule 341(h).

¶ 27        Rule 341(h) sets forth the rules governing the contents and requirements for an appellant's brief. Rule 341(h)(6) states an appellant's statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Rule 341(h)(7) states an appellant's argument section "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Rule 341(h) is not a mere suggestion, and it is within this court's discretion to strike an appellant's brief and dismiss the appeal entirely for failing to comply with Rule 341(h). *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999). However, if the violations of supreme court rules do not "hinder or preclude review," the brief need not be stricken in whole or in part. (Internal quotation marks omitted.) *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009).

¶ 28        Unquestionably, defendant's opening brief fails to comply with Rule 341(h) in multiple ways. Most egregiously, there is no statement of facts, and the argument section lacks pertinent authority and relevant legal argument. Defendant's *pro se* status offers her no protection. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v.*

*Yorath*, 2013 IL App (1st) 110287, ¶ 78. In fact, one of the very cases defendant cites in her opening brief clearly states she is expected to know the requirements of Rule 341(h): "*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). This court is well within its authority to strike defendant's brief in its entirety. However, the record is relatively straightforward and the issue is narrow. Therefore, we find defendant's noncompliant opening brief does not hinder or preclude our review. Accordingly, we will not strike her opening brief in whole or in part.

¶ 29        Nevertheless, the fact defendant's opening brief has survived Rule 341 scrutiny is no consolation prize. The central claims of her brief were that plaintiff provided no evidence to support the default judgment. The default judgment was vacated. Therefore, there is no default judgment for defendant to contest. Thus, her opening brief is, ultimately, meritless.

¶ 30                    E. Merits of Defendant's Reply Brief

¶ 31        As we noted earlier, defendant's reply brief is markedly different from her opening brief and correctly identifies the trial court's grant of summary judgment as the appropriate judgment to contest. Still, a new problem for defendant has surfaced: none of the arguments raised in her reply brief were raised in her opening brief. Rule 341(h)(7) is clear and unambiguous that "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). "An argument raised for the first time on appeal in the reply brief need not be addressed by this court. '[A]n appellant's arguments must be made in the appellant's opening brief and cannot be raised for the first time in the appellate court by a reply brief.' " *In re Charles W.*, 2014 IL App (1st) 131281, ¶ 54 (quoting *In re Marriage of Winter*, 2013 IL App (1st) 112836, ¶ 29).

¶ 32        We find defendant has forfeited her arguments contained within the reply brief.

¶ 33　　　　　　Yet, even if she had not forfeited these arguments, the arguments she put forth are so paper-thin and cursory they would not have provided her with relief. We remind defendant, this court

> "is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate or seek error in the record." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)).

Additionally, we will not "research the issues on the appellant's behalf." *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19.

¶ 34　　　　　　Recall, defendant argues (1) the trial court erred because there were genuine issues of material fact, (2) plaintiff failed to provide sufficient evidentiary support to warrant summary judgment, and (3) summary judgment should be vacated pursuant to section "2-1301(e) due to attorney abandonment and the denial of a fair opportunity to be heard."

¶ 35　　　　　　Defendant's first contention simply posits "the record reflects multiple genuine issues of material fact, including disputes regarding completion of work, contract terms, and damages." She cites—without explanation—to the agreement itself. She then concludes the aforementioned "disputes" precluded summary judgment and cites *McCormick v. Robertson*, 2015 IL 118230, ¶ 18, for authority.

¶ 36　　　　　　"In reviewing a trial court's grant of summary judgment, we do not assess the credibility of the testimony presented but, rather, determine only whether the evidence presented

was sufficient to create an issue of material fact." *Lau v. Abbott Laboratories*, 2019 IL App (2d) 180456, ¶ 37. Defendant's arguments alleging issues of material fact are wholly unacceptable. "Allegations that genuine issues of material fact exist without evidence to support those allegations fail to create an issue of material fact." *In re Estate of Frakes*, 2020 IL App (3d) 180649, ¶ 21. "[M]ere argument [is not] enough to raise an issue of material fact." *Triple R Development, LLC v. Golfview Apartments I, L.P.*, 2012 IL App (4th) 100956, ¶ 16. And, if her arguments were not wholly insufficient, the purported authority is irrelevant. *McCormick* did not involve summary judgment but addressed subject matter jurisdiction for a child custody matter. *McCormick*, 2015 IL 118230, ¶ 1.

¶ 37    Defendant's second contention is plaintiff "failed to provide sufficient evidentiary support, including documentation of completed work, permits, or costs." She relies on *Venzor v. Carmen's Pizza Corp.*, 235 Ill. App. 3d 1053 (1992), to argue her single-sentence contention precludes summary judgment. She fails to address the evidence contained within the record and fails to explain how the supposed missing documentation is necessary. Moreover, the case she cites does not involve the issue of summary judgment. *Venzor* was a default judgment case. *Id.* at 1054-55.

¶ 38    Finally, defendant contends this court should vacate the summary judgment because her attorney abandoned her and "failed to respond to discovery, including requests to admit, and failed to appear at hearings." She cites *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221-22 (1986), and *Jackson v. Graham*, 323 Ill. App. 3d 766, 773 (2001), in support.

¶ 39    First, as we discussed earlier, the default judgment entered by the trial court was vacated. As such, any contention by defendant related to section 2-1301(e) is meritless. Second, the cases defendant cites in support of this contention are not relevant. *Smith* involved a default

judgment and *Jackson*, as cited, simply recounted the standard of review for summary judgment. Third, her contention reads as an ineffective assistance of counsel claim. That is, if it were not for her initial attorney's shortcomings, she would not be in the predicament she finds herself. We need not dispute this argument to show it is unavailing. "[T]he sixth amendment [(U.S. Const., amend. VI)] guarantees a defendant the right to effective assistance of counsel at all critical stages of the *criminal* proceedings." (Emphasis added). *People v. Hughes*, 2012 IL 112817, ¶ 44. "[Defendant] has not cited, and we are not aware of, any comparable constitutional right to be adequately represented by counsel in a civil matter." *Wolfe v. Board of Education of City of Chicago*, 171 Ill. App. 3d 208, 211 (1988); see *Wall v. Olson*, 2025 IL App (1st) 241708-U, ¶ 15 ("The constitution does not guarantee a right to counsel in civil cases, competent or otherwise."). This claim is also meritless.

¶ 40                                    III. CONCLUSION

¶ 41          For the reasons stated, we affirm the trial court's judgment.

¶ 42          Affirmed.